### In re ORBITAL SCIENCES CORPORATION SECURITIES LITIGATION.

**Paul Copansky, et al., Plaintiffs,**

**v.**

**David Thompson, et al., Defendants.**

**Nos. CIV.A. 99–197–A, CIV.A. 99–941–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 30, 1999.

## JOINT ORDER

CACHERIS, District Judge.

For the reasons set forth in the July 30, 1999 Memorandum Opinions that the Court has issued in Civil Action Nos. 99–197–A and 99–941–A, it is hereby ORDERED:

(1) that the Defendants' Motion to Consolidate Civil Action No. 99–941–A into Civil Action No. 99–197–A is GRANTED;

(2) that the Defendants' Motions to Dismiss Civil Action Nos. 99–941–A and Civil Action No. 99–197–A are DENIED;

(3) that on or before August 13, 1999, the Plaintiff New York City Pension Funds ("NYCPF") shall file a "Revised Consolidated Amended Complaint" in Civil Action No. 99–197–A that incorporates the claims that the Plaintiff Paul Copansky has made in Civil Action No. 99–941–A but that makes no other alterations or amendments except by leave of the Court;

(4) that within five days thereafter, the Plaintiff Paul Copansky shall submit a consent order that dismisses Civil Action No. 99–941–A in favor of the Revised Consolidated Amended Complaint in Civil Action No. 99–197–A;

(5) that the Defendants need not file an answer in Civil Action No. 99–941–A, but shall file an answer to the Revised Consolidated Amended Complaint in Civil Action No. 99–197–A by August 27, 1999.

(6) that the Court shall retain continuing jurisdiction to revisit the terms of this Order, on motion or sua sponte, as circumstances may dictate over the course of this litigation; and

(7) that the Clerk of the Court shall send a copy of this Joint Order and the attached Memorandum Opinions to Cohen Milstein Hausfeld & Toll, P.L.L.C., Goodkind Labaton Rudoff & Sucharow L.L.P., and Arnold & Porter.

## MEMORANDUM OPINION

This class action securities fraud case comes before the Court on the Defendants' Motion to Consolidate and Dismiss.

### Facts

On May 21, 1999, the Court consolidated eighteen class action securities fraud cases that various shareholders had filed against Orbital Sciences Corporation ("Orbital") as well as its President, David W. Thompson, and its Executive Vice–President, Jeffrey V. Pirone. The Court appointed the New York City Pension Funds ("NYCPF") to serve as the Lead Plaintiff in the litigation, and designated Goodkind Labaton Rudoff & Sucharow L.L.P. to act as Lead Counsel. Once a Consolidated Amended Complaint was filed, the matter was restyled as the "Orbital Sciences Securities Litigation" under Civil Action No. 99–197–A.

Because Civil Action No. 99–197–A only purports to seek relief on behalf of Orbital's stockholders, Paul Copansky has initiated Civil Action No. 99–941–A on behalf of Orbital's optionholders so that both types of investors can recover from the Defendants for their alleged violations of the federal securities laws. The gravamen of the shareholder lawsuit is identical to that of the optionholder lawsuit in all other respects, and as a result, the Defendants seek to have both cases consolidated into one and then dismissed on the merits.

### Standard of Review

■ Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact. Judicial economy generally favors consolidation, *see Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir.1990), but the Court must conduct a careful inquiry in this regard that balances the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could en-

gender. *See Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982).

### Analysis

Copansky's Complaint alleges that Orbital, Thompson, and Pirone exaggerated the company's financial success for the first three quarters of 1998, inflated the price of its stock in the process, and thereby caused harm to those who purchased Orbital stock options before a more accurate and less optimistic picture of the company's financial condition eventually came to light and caused the value of those options to fall. Like the shareholder litigation in Civil Action No. 99–197–A, the optionholder lawsuit in Civil Action No. 99–941–A seeks to hold the Defendants responsible for the consequences, and identically asks for relief under Section 10 of the Securities Exchange Act of 1934 ("the '34 Act"), Rule 10b–5 as promulgated thereunder ("10b–5"), and Section 20(a) of the '34 Act as well.

Having complained of the same allegedly wrongful conduct, Copansky's 10b–5 claims alone will raise the same set of questions that the shareholder litigation will address, such as (1) whether the Defendants made a false or misleading statement of material fact, or failed to disclose a material fact under circumstances giving rise to a duty to disclose; (2) whether they did so with scienter; (3) whether the Plaintiffs justifiably relied on these misstatements or omissions; and (4) whether the Defendants' misstatements or omissions and the Plaintiffs' reliance thereon proximately caused them harm. *See Cooke v. Manufactured Homes, Inc.,* 998 F.2d 1256, 1260–61 (4th Cir.1993) (citing 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5). Even if the shareholders and the optionholders are not identically situated in every respect, they share a mutual interest in having the Court resolve these questions about whether the Defendants made any misstatements or omissions, whether they did so with scienter, and whether the price of Orbital's common stock became artificially inflated as a result. *See Ganesh, L.L.C. v. Computer Learning Centers, Inc.,* 183 F.R.D. 487, 489–90 (E.D.Va.1998). The efficiency of resolving these and other questions at once in a single proceeding is beyond serious debate. *See Werner v. Satterlee, Stephens, Burke & Burke,* 797 F.Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidating 10b–5 claims that posed numerous common questions of law and fact, despite variations in the identity of the parties and in some of the allegations).

Proper regard for fairness does not require a different result. Both the shareholders and the optionholders appear to share a similar interest in recovering from the Defendants, and the fact that the amount of their damages may differ does not pose a disabling risk of prejudice or confusion because separate claims for payment could be processed if liability were found. *Cf. Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 566 (2d Cir.1968) (observing that the need for damages to be calculated individually does not, without more, preclude classwide adjudication). The Defendants similarly appear to risk little prejudice from proceeding in a consolidated action because none of the individual lawsuits has progressed to the point at which consolidation would create undue delays. *See Werner,* 797 F.Supp. at 1212 (concluding that consolidation would not impose an undue delay even though the lawsuits at issue were at different stages). Moreover, even if meaningful distinctions were to arise between the shareholders and the optionholders, the Court could bifurcate their claims. *Cf.* Fed.R.Civ.P. 23(c)(4).

Absent any other circumstances that justify more than one trial on the same or similar issues of law and fact, Civil Action No. 99–197–A and 99–941–A should be consolidated into one, but it is here that complications emerge. The Complaint in Civil Action No. 99–197–A only purports to seek relief on behalf of shareholders, whereas the Complaint in Civil Action No. 99–941–A is designed to protect the interests of optionholders. Neither case can be procedurally dismissed in favor of the other if both types of investors are to be afforded a means of recovery.

Allowing the two cases to proceed side by side as separate but consolidated actions would prove equally inadequate, however, because the shareholders and the optionholders are represented by different law firms whose

work would needlessly duplicate the costs of the litigation. Copansky's proposed consolidation order illustrates the problem by asking that Orbital, Thompson, and Pirone serve his attorneys with all of the pleadings in both cases, without regard to whether those pleadings logically relate to the shareholders or the optionholders or both. The two groups are entitled to have different lawyers if they so desire, but they are not necessarily entitled to have two sets of law firms control the management of the litigation as a whole in such an inefficient way.

The operative effect of consolidating the two lawsuits in form but not in fact would also be to destroy the opportunity for Lead Counsel to manage either case. The Court has already selected Goodkind Labaton Rudoff & Sucharow, L.L.P. ("Goodkind Labaton") to act as Lead Counsel in the shareholder litigation, and would presumably have to select Cohen Milstein Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") to serve as Lead Counsel in the optionholder litigation if it were to remain on the docket as a separate action. But unless one firm were selected to serve as Lead Counsel for all of the claimants as a whole, the shareholders' lawyers would properly be heard to complain of interference from the optionholders' lawyers and vice versa whenever a tactical decision in one lawsuit affected the posture of the other lawsuit. The Private Securities Litigation Reform Act was designed to avoid these kinds of difficulties by requiring the selection of Lead Counsel, *see* Pub.L. No. 104–67, 109 Stat. 737 (1995) (codified in pertinent part at 15 U.S.C. § 78u–4(a)(3)(B)(v)), and the purpose of the statute favors the choice of one law firm to act in this capacity absent a specific reason to use multiple firms, *see In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 180 (D.N.J.1999).

Under these circumstances, the only appropriate solution is to consolidate the two actions both in form and in fact. The New York City Pension Funds will be required to file a "Revised Consolidated Amended Complaint" in Civil Action No. 99–197–A that includes the claims of optionholders as well as shareholders and thereby encompasses what Paul Copansky has alleged in Civil Action No. 99–941–A. Civil Action No. 99–941–A shall then be dismissed in favor of Civil Action No. 99–197–A. The NYCPF will remain the Lead Plaintiff and Goodkind Labaton Rudoff & Sucharow L.L.P. will remain as Lead Counsel.[1]

The Defendants' Motion to Dismiss Civil Action No. 99–941–A on the merits will be denied for the reasons ·set forth in the Court's July 30, 1999 Memorandum Opinion and Order in Civil Action No. 99–197–A.[2] The Defendants shall answer the Revised Consolidated Amended Complaint once the NYCPF has filed it.

*Conclusion*

For the foregoing reasons, the Defendants' Motion to Consolidate and Dismiss is GRANTED IN PART AND DENIED IN PART.

**1.** Neither Copansky nor his law firm, Cohen Milstein, can credibly be heard to complain that the NYCPF should remain as Lead Plaintiff or that Goodkind Labaton should remain as Lead Counsel once the two cases are consolidated. Rather than filing a brief in opposition to the Defendants' Motion to Dismiss in Civil Action No. 99–941–A, Copansky and Cohen Milstein simply chose to adopt the arguments that the NYCPF and Goodkind Labaton made in Civil Action No. 99–197–A. In so doing, Copansky and Cohen Milstein implicitly conceded that the NYCPF and Goodkind Labaton could adequately manage the litigation as a whole.

**2.** The arguments for and against the dismissal of the optionholder lawsuit are identical to those in the shareholder lawsuit, and as a result, all of the parties in the former have adopted the briefs in the latter without modification. Under these circumstances, a separate opinion is unnecessary.